# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:10-cv-00105-W

| | |
|---|---|
| GOODRICH CORPORATION, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

THIS MATTER is before the Court *sua sponte* following the submission of Plaintiff's status report (Doc. No. 61) and Defendant's status report (Doc. No. 62). In its filing, Plaintiff contends the parties have "worked diligently together to determine the amount of the tax overpayment due to Plaintiff for the 1997 tax year." (Doc. No. 61, p. 1). According to this filing from counsel, "Plaintiff understands that Defendant has no changes, corrections, or alternative computation of the amount of Plaintiff's tax overpayment." Id. at 2. Plaintiff has submitted a settlement offer to Defendant based on that calculation, although Defendant contends it needs additional time to obtain settlement approval from the necessary government agencies. Id. Plaintiff indicates that trial in this matter is unnecessary if Defendant accepts Plaintiff's offer.

Defendant generally concurs, but more specifically says it needs "at least 90 days" to fully evaluate the settlement offer and also submit it to the Joint Committee on Taxation pursuant to 26 U.S.C. § 6405. (Doc. No. 62). Defendant requests additional time to process the settlement offer or a briefing schedule on the sole issue it contends remains: whether the majority of Plaintiff's claims are barred by the doctrine of variance and the applicable statute of limitations. Defendant contends that through briefing, resolution of these issues could narrow the issues for trial.

In some instances, the United States or one of its agencies are afforded a longer period of time to respond. Compare Fed. R. Civ. P. 12(a)(2) (allowing the United States 60 days to file an answer after service of a complaint, counterclaim, or crossclaim) with Fed. R. Civ. P. 12(a)(1) (requiring answers to be filed within 21 days of service unless service is waived); see also Fed. R. App. P. 4(a)(1) (requiring notice of appeal be filed within 30 days after entry of judgment or order in civil case, but allowing 60 days if the appeal involves the United States as one of the parties). The Court, however, is unable to find any statutory authority requiring the Court to allow a Government agency an unusually extended period of time to finalize settlement negotiations. In this case, the Court has afforded approximately ten months for the parties to finalize calculations in order to determine whether settlement or trial was appropriate. At some point, the case must go on.

Accordingly, for purposes of judicial efficiency and because the parties have not shown sufficient reason otherwise, this case shall be calendared for a bench trial on the Court's mixed term beginning March 11, 2013. By that date, the case will have been pending for over three years and the Court sees no sufficient reason to delay finality any longer. A pretrial conference will be scheduled during the week of February 19-22, 2013, at a date and time to be noticed by the Court. The Court does not anticipate granting any continuances for trial, especially because this trial setting gives the parties an additional month past the 90 days requested by Defendant. As for the briefing schedule requested by Defendant, the Court declines to have another round of, what appears to be, summary judgment. Instead, the Court has a general practice in bench trials and directs the parties to adhere to the following schedule:

**Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers at least seven (7) calendar days prior to the final pretrial conference:

i. <u>Proposed Pretrial Order</u>. This document shall contain:

(1) A joint statement of the case.

(2) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. <u>See</u> Fed. R. Civ. P. 37(c)(2).

(3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |

| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

ii. <u>Exhibit Notebooks.</u> Copies of all proffered documentary exhibits (including designated portions of discovery materials), properly bound, indexed, and tabbed.[1] In addition, if counsel proposes to publish exhibits electronically through the multimedia technology available in the courtroom, counsel shall submit to Chambers a CD-ROM containing the pertinent files (in JPEG or PDF format for documents and images and MPEG format for audio/video),

---

[1] The Court requests <u>only</u> one complete exhibit notebook.

named according to the corresponding exhibit number assigned to the exhibit in the proposed pretrial order. These exhibit notebooks and CD-ROMs are to be courtesy copies for the Court's personal use at trial. <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>

All working drafts of documents (*e.g.*, the proposed pretrial order) shall be submitted to Chambers electronically, in either WordPerfect (WPD) or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF. Submissions required to be made in a tangible medium (*e.g.*, hard copies of papers and exhibits) must be sent so as ensure their receipt in Chambers by the deadlines set forth herein.

b. **Trial Briefs and Motions *in limine*.** To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions *in limine*,[2] if appropriate, shall be filed on the Monday prior to the first day of the trial term during which the case has been calendared. Written responses shall be due on the Thursday prior to the first day of the trial term. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii).

c. **Proposed Findings of Fact and Conclusions of Law.** If requested by the Court, proposed findings of fact and conclusions of law shall be due to be filed at a time designated at the final pretrial conference.

---

[2] Due to the more informal nature of a bench trial, a motion *in limine* should not be filed if the objection is susceptible to resolution in the course of trial.

     **d.**     *De Bene Esse* **Depositions.** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(3) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist which would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

     **e.**     **Trial Subpoenas.** Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

In sum, trial in this matter shall be set to commence the term beginning March 11, 2013. A pretrial conference will be scheduled during the week of February 19-22, 2013, at a date and time to be noticed by the Court. Should Defendant obtain the appropriate settlement authorization prior to these dates, the parties should promptly file the appropriate notices with the Court.

     IT IS SO ORDERED.     Signed: November 8, 2012

*[Signature: Frank D. Whitney]*

Frank D. Whitney
United States District Judge